IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JIMMIE CALVIN ANDERSON, )
)
       Plaintiff, )
)
v. ) 1:23CV1049
)
SURRY COUNTY SHERIFF'S )
OFFICE, et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a pretrial detainee in Surry County, North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaw makes it impossible to further process the Complaint. The problem is:

1. Plaintiff's claim is unclear. Plaintiff states that he was injured when he slipped and fell on a puddle of water in the jail where he is housed. He also names two Defendants. However, he does not explain how any of those persons were allegedly responsible for the water or his fall. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Further, he should be aware that he cannot name persons simply because they are supervisors over the jail or its staff. Theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not form a basis for a claim under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Also, the allegations in the Complaint appear perhaps consistent with negligence, but negligence does not state a claim under § 1983. Instead, § 1983 covers only violations of a plaintiff's rights through intentional action or deliberate indifference. Plaintiff must make it clear that any named Defendants engaged in at least objective

deliberate indifference if he seeks to raise a claim against them and he must set out facts supporting that allegation.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defect of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).[1]

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 13th day of December, 2023.

                                                               /s/ Joi Elizabeth Peake
                                                              United States Magistrate Judge

---

[1] It is also possible that Plaintiff instead intended to file a state law negligence claim, which would need to be filed with the North Carolina Industrial Commission rather than this Court.